UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-20074-ALTONAGA/DAMIAN

RUBEN NUNEZ, *et al.*,

    Plaintiffs,

v.

LEXINGTON INSURANCE COMPANY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION
ON PLAINTIFFS' RENEWED MOTION TO COMPEL APPRAISAL**

THIS CAUSE is before the undersigned on Plaintiffs, Ruben Nunez (individually, "Mr. Nunez") and Maricela Nunez's (collectively, "Plaintiffs"), Renewed Motion to Compel Appraisal [ECF No. 32] (the "Motion to Compel"), filed June 5, 2023. This matter was referred to the undersigned by Cecilia M. Altonaga, Chief United States District Judge. [ECF No. 35].

THE COURT has considered the Motion, the Response and Reply thereto [ECF Nos. 36-37], the pertinent portions of the record, and the relevant legal authorities and is otherwise fully advised in the premises. In the Motion to Compel, Plaintiffs, insured homeowners under a Policy issued by Defendant, Lexington Insurance Company ("Defendant" or "Lexington"), seek to enforce an appraisal provision in their homeowners insurance policy (the "Policy") and compel Lexington to participate in the appraisal process regarding the amount allegedly owed for losses covered by the Policy. Lexington argues the Motion to Compel should be

denied because Plaintiffs waived their right to appraisal. For the reasons discussed below, the undersigned agrees and, therefore, recommends the Motion to Compel be denied.

## I. BACKGROUND

This is an action for breach of contract brought by Plaintiffs, insured homeowners, against Lexington, their homeowners insurance carrier. [ECF No. 24]. According to the allegations in Plaintiffs' Third Amended Complaint,[1] Lexington issued the homeowners insurance policy (the "Policy") for Plaintiffs' property located in Miami, Florida (the "Property"). *Id.* at ¶ 7. Plaintiffs allege that on May 9, 2020, the Property was damaged and incurred a loss covered under the Policy. *Id.* at ¶ 8. Plaintiffs further allege they reported the loss to Lexington on May 13, 2022, and Lexington investigated the loss and issued a claim determination in June 2022 in which it acknowledged coverage under the Policy. *Id.* at ¶¶ 9-10. According to the allegations, Lexington failed to assume full coverage and failed to fully indemnify Plaintiffs for the loss, thereby breaching the Policy and causing Plaintiffs to suffer damages. *Id.* at ¶¶ 10-13.

The Policy contains the following provision regarding appraisal:

> If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss. Each party will:

---

[1] The Complaint is improperly titled "Plaintiff's Second Amended Complaint." [ECF No. 24]. The Court had already dismissed Plaintiff's Second Amended Complaint on April 11, 2023, and required Plaintiffs to file a final amended complaint, which was filed on April 13, 2023, and is the operative complaint. [ECF No. 23].

    1. Pay its own appraiser; and

    2. Bear the other expenses of the appraisal and umpire equally.

[ECF No. 24 at 37]. Plaintiffs seek to invoke that provision now.

## II. PROCEDURAL HISTORY

On December 12, 2022, Plaintiff Ruben Nunez filed a complaint against Lexington in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, asserting claims for breach of contract and declaratory judgment and demanding a trial by jury. [ECF No. 1-1]. Mr. Nunez then served Lexington with discovery, including interrogatories, requests for production, and requests for admissions. *Id.* at 18-36. Lexington removed the action to this Court on January 9, 2023. [ECF No. 1]. On January 10, 2023, Lexington moved to dismiss the Complaint. [ECF No. 5]. In lieu of responding, Mr. Nunez filed the First Amended Complaint on January 24, 2023 [ECF No 12], asserting one claim for breach of contract and demanding a trial by jury, rendering Lexington's motion to dismiss moot. *See* ECF No. 13.

On February 12, 2023, Lexington filed a motion to dismiss the First Amended Complaint. [ECF No. 15]. Plaintiff failed to respond to that motion, and, therefore, the Court granted the motion to dismiss by default and dismissed the First Amended Complaint without prejudice. [ECF No. 19]. On March 6, 2023, Mr. Nunez filed a Second Amended Complaint, again asserting one claim for breach of contract and requesting a jury trial. [ECF No. 20]. Lexington moved to dismiss the Second Amended Complaint on grounds, *inter alia*, Mr. Nunez failed to join an indispensable party—his wife, Maricela Nunez. [ECF No. 21]. In response, Mr. Nunez acknowledged he should add his wife as an indispensable party, and, consequently, the Court granted the motion to dismiss in part and ordered Mr. Nunez to file

a final amended complaint adding Maricela Nunez as a Plaintiff. [ECF No. 23]. On April 13, 2023, Plaintiffs filed the Third Amended Complaint, asserting breach of contract on behalf of both Plaintiffs and again requesting a jury trial. [ECF No. 24]. The Third Amended Complaint is the operative pleading. Notably, none of the complaints filed by Plaintiffs over the more than six months since the original complaint was filed in state court include a demand for appraisal nor any mention of the appraisal provision in the Policy.

On June 1, 2023, Lexington filed a Discovery Memorandum seeking to compel discovery responses from Plaintiffs and asserting Plaintiffs had been generally unresponsive to Lexington's efforts to get Plaintiffs to respond. [ECF No. 30]. Plaintiffs responded to the Discovery Memorandum and indicated that they intended to respond to Lexington's discovery but needed more time to do so. [ECF No. 33].

On June 5, 2023, Plaintiffs filed the Motion now before the Court in which Plaintiffs request the Court compel the parties to appraisal pursuant to the terms of the Policy. [ECF No. 32].[2] Lexington filed a Response on June 16, 2023, arguing that Plaintiffs waived their right to appraisal by actively participating in this lawsuit and otherwise engaging in conduct inconsistent with the right to appraisal under the Policy. [ECF No. 36]. And, on June 23, 2023, Plaintiffs filed a Reply, disputing that they have waived their right to appraisal and asserting that Florida law expresses an overwhelming preference for resolving conflicts through extra-judicial means such as appraisals. [ECF No. 36]. The Motion to Compel is now fully briefed and ripe for adjudication.

---

[2] The Court denied Plaintiffs' first Motion to Compel Arbitration without prejudice for failure to comply with Local Rule 7.1(a)(3).

While the Motion to Compel was pending, the parties attended mediation pursuant to the Court's Orders. [ECF Nos. 9, 17, 38]. The mediation was unsuccessful.

### III. RELEVANT LEGAL STANDARD

The overwhelming preference in Florida is for the resolution of conflicts through any extra-judicial means for which the parties have themselves contracted. *See State Farm Fire & Cas. Co. v. Middleton*, 648 So. 2d 1200, 1201-1202 (Fla. 3d DCA 1995) (citing cases). Thus, courts in this District consistently recognize that, under Florida law, a motion to compel appraisal should be granted "whenever the parties have agreed to appraisal and the court entertains no doubt that such an agreement was made." *Williams v. Am. Sec. Ins. Co.*, No. 20-CV-22126-UU, 2020 WL 6393113, at *1 (S.D. Fla. June 29, 2020) (Ungaro, J.) (internal quotations omitted). As the court observed in *Williams*, "The enforcement of an appraisal provision is preferred over lawsuits because it provides a mechanism for prompt resolution of claims and discourages the filing of needless lawsuits." *Id*. (internal quotations omitted).

However, it is also well settled that the right to an appraisal may be waived if a party "maintains a position inconsistent with the appraisal remedy." *Pena v. Scottsdale Ins. Co.*, No. 15-23116-CIV, 2015 WL 12828122, at *1 (S.D. Fla. Oct. 22, 2015) (Scola, J.) (citing *Gray Mart, Inc. v. Fireman's Fund Ins. Co.*, 703 So. 2d 1170, 1172 (Fla. 3d DCA 1997)). Waiver of the right to seek appraisal occurs when the party seeking appraisal "actively participates in a lawsuit or engages in conduct inconsistent with the right to appraisal." *J&E Invs., LLC v. Scottsdale Ins. Co.*, No. 16-61688-CIV, 2016 WL 8793337, at *2 (S.D. Fla. Aug. 18, 2016) (Snow, J.) (citing *Florida Insurance Guaranty v. Maroulis*, 153 So. 3d 298, 300 (Fla. 5th DCA 2014)), *report and recommendation adopted*, No. 16-61688-CIV, 2016 WL 8793338 (S.D. Fla. Sept. 7, 2016).

The burden of proving waiver rests upon the party invoking it. *See ABC Univ. Shops, LLC v. Scottsdale Ins. Co.*, No. 18-60562-CIV, 2018 WL 6271839, at *8 (S.D. Fla. Oct. 18, 2018) (Seltzer, J.), *report and recommendation adopted*, No. 18-60562-CV, 2018 WL 6267943 (S.D. Fla. Nov. 30, 2018). Thus, the party invoking waiver must demonstrate that, under the totality of the circumstances, the defaulting party has acted inconsistently with its appraisal right.

### IV. DISCUSSION

With the foregoing in mind, the undersigned considers whether Lexington has established Plaintiffs' waiver. As a preliminary matter, the undersigned notes that neither party disputes the enforceability of the Policy nor whether the Policy contains an appraisal provision. The issue is whether Plaintiffs waived the right to invoke the provision.

Here, Lexington argues Plaintiffs have acted inconsistently with their appraisal rights by filing this lawsuit and amending their complaint three times without requesting appraisal in any of those pleadings; serving Lexington with interrogatories, a request for admissions, and a request for production; participating in a Rule 26 conference and in the filing of the Joint Scheduling Report; scheduling and participating in a mediation; requesting multiple extensions to respond to Lexington's discovery requests while indicating an intention to respond; and filing motions and engaging in motion practice. *See* Resp. at 11-12.

Generally, filing a lawsuit and pursuing litigation does not automatically establish waiver. Rather, courts in Florida agree that an appraisal clause may be invoked for the first time after litigation has commenced. *See Florida Ins. Guar. Ass'n, Inc. v. Castilla*, 18 So.3d 703, 705 (Fla. 4th DCA 2009). Generally, parties can invoke an appraisal provision in an insurance policy after commencement of litigation if the provision itself does not require the right be

6

asserted prior to filing of a suit. *See Coral Reef Metro, LLC v. Scottsdale Ins. Co.*, No. 2:18-cv-460-FtM-38CM, 2019 WL 721286, at *5 (M.D. Fla. Jan. 30, 2019). Here, nothing in the Policy sets a deadline for demanding appraisal or otherwise prevents Plaintiffs from invoking appraisal after commencing litigation. *See* ECF No. 24 at 37. Nevertheless, it has not gone unnoticed that Plaintiffs did not just initiate litigation but amended their complaint three times without once requesting appraisal in their claims for relief or otherwise demanding appraisal.

Here, as Lexington points out, Plaintiffs waited a year from when Lexington acknowledged coverage under the Policy in June 2022 before demanding appraisal in June 2023.[3] And they waited six months after they filed their initial complaint in December 2022 before demanding appraisal in June 2023.

The circumstances presented in *Tamiami Condominium* are similar to those here, and Judge Smith's analysis of the waiver issue in that case is instructive. *Tamiami Condo. Warehouse Plaza Ass'n, Inc. v. Markel Am. Ins. Co.*, No. 19-CV-21289, 2019 WL 6130445, at *2 (S.D. Fla. Nov. 19, 2019) (Smith, J.) In *Tamiami Condominium*, the plaintiff filed a motion to compel appraisal seeking to invoke its appraisal rights under an insurance policy for the first time eight months after filing a lawsuit against the insurer that did not demand appraisal. *Id*. The plaintiff had also filed an amended complaint (that also did not seek appraisal), served

---

[3] Plaintiffs contend they requested appraisal earlier than June 2023 because in Mr. Nunez's Response in Opposition to Lexington's Motion to Dismiss the Second Amended Complaint, filed April 3, 2023, Mr. Nunez argues that the only form of alternative dispute resolution available pursuant to the Policy is appraisal, not mediation, which Lexington had requested prior to the filing of the lawsuit. [ECF No. 22] at 2. This reference to appraisal was not a formal request, but rather an argument that if the Court were to compel a method of alternative dispute resolution, it should compel appraisal and not mediation. Nonetheless, even assuming the Response contained a formal request for appraisal, that request was not raised until April 2023, ten months after Lexington acknowledged coverage and four months after Mr. Nunez filed the original complaint.

7

discovery on the defendant and participated in discovery, filed two motions to remand, and responded to the defendant's motions. *Id*. Judge Smith determined that plaintiff's conduct over the course of the litigation was inconsistent with a party seeking appraisal as opposed to litigation. *Id*. at *5. Judge Smith explained that while the length of the litigation (there, 6 months) is not determinative on its own, the plaintiff's conduct during those six months constituted waiver. *Id*. (citing *Versailles Sur La Mer Condo. Ass'n, Inc. v. Lexington Ins. Co.*, No. 618CV1125ORL37TBS, 2018 WL 3827154, at *4–5 (M.D. Fla. July 24, 2018) (finding that insured waived its right to appraisal by actively litigating case over five months and participating in discovery), *report and recommendation adopted*, No. 618CV1125ORL37TBS, 2018 WL 3817758 (M.D. Fla. Aug. 10, 2018); *RTG Furniture Corp. v. Indus. Risk Insurers*, No. 07-80538-CIV, 2008 WL 11332085, at*3 (S.D. Fla. Jan. 16, 2008) (same)).

 The *Tamiami Condominium* decision is consistent with the many decisions from Florida's state courts in which the courts have routinely found that participation in litigation for significant periods before requesting appraisal is inconsistent with appraisal rights. *See Maroulis*, 153 So. 3d at 300–01; *Morrell v. Wayne Frier Manufactured Home Ctr.,* 834 So. 2d 395, 395–98 (Fla. 5th DCA 2003) (finding waiver where party litigated for eleven months with various motions and pleadings); *ARI Mut. Ins. Co. v. Hogen,* 734 So. 2d 574, 576 (Fla. 3d DCA 1999) (finding waiver when party engaged in "aggressive" litigation for nine months); *Owens & Minor Med., Inc. v. Innovative Mktg. & Distribution Servs., Inc.,* 711 So. 2d 176, 176 (Fla. 4th DCA 1998) (finding waiver when party actively litigated for thirteen months); *Gray Mart*, 703 So. 2d at 1171–73 (finding waiver following fourteen months of litigation and demand for appraisal one month before trial).

Plaintiffs do not attempt to distinguish the cases relied on by Lexington in its Reply. Plaintiffs rely only on the facts in *Fla. Ins. Guar. Ass'n v. Branco*, 148 So. 3d 488, 494 (Fla. 5th DCA 2014), to make the point that waiver is not solely an issue of the length of time litigation is pending. *See* Reply [ECF No. 37] at 4. However, the circumstances in *Branco* were very different. There, although litigation involving a dispute over *coverage* had been pending for nearly a year, once coverage was conceded, the plaintiff demanded appraisal within weeks. Thus, the court found there was no waiver. That is not the case presented here, where coverage was conceded almost immediately and a year before appraisal was demanded.

There are other decisions from courts in this District in which the courts determined that parties had not waived appraisal despite participating in litigation, but, again, the circumstances in those cases are distinct from those presented here. *E.g., Karsel Holdings, LLC v. Scottsdale Ins. Co.*, No. 21-21277-CIV, 2022 WL 1438613, at *4 (S.D. Fla. Feb. 4, 2022) (McAliley, J.), *report and recommendation adopted in part, rejected in part*, No. 21-21277-CIV, 2022 WL 1404593 (S.D. Fla. May 4, 2022) (court found that plaintiff did not waive right to appraisal, despite seven-month delay in seeking to compel appraisal, but the demand for appraisal was made before plaintiff filed the lawsuit); *see also ABC Univ. Shops*, No. 18-60562-CIV, 2018 WL 6271839, at *8-9 (S.D. Fla. Oct. 18, 2018) (Seltzer, J.), *report and recommendation adopted*, No. 18-60562-CV, 2018 WL 6267943 (S.D. Fla. Nov. 30, 2018) (finding that plaintiff's filing of lawsuit and pursuit of litigation was not inconsistent with appraisal where lawsuit was filed after insurer denied coverage and demand for appraisal was made in amended pleading after change in law indicating a demand for appraisal may be made even if coverage denied).

The undersigned finds that the totality of the circumstances presented in this case, in which Plaintiffs waited a year after coverage was determined and six months after filing their lawsuit to request appraisal and during which time they filed three amended complaints that all failed to demand or mention appraisal, demonstrates conduct inconsistent with appraisal. Therefore, Lexington has carried its burden of demonstrating a clear case of waiver under the circumstances, and the Motion to Compel Appraisal should be denied.

## V. RECOMMENDATION

Based on the foregoing, the undersigned respectfully recommends that Plaintiffs' Renewed Motion to Compel Appraisal [ECF No. 32] be **DENIED**.

The parties will have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Cecilia M. Altonaga, United States District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, this 25th day of July 2023.

MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Cecilia M. Altonaga, *U.S. District Judge*
Counsel of Record