UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-20074-ALTONAGA/DAMIAN

RUBEN NUNEZ, *et al.*,

    Plaintiffs,

v.

LEXINGTON INSURANCE COMPANY,

    Defendant.

_____/

**ORDER ON DEFENDANT'S VERIFIED MOTION FOR ATTORNEY'S FEES**

THIS CAUSE is before the Court on Defendant's Verified Motion for Attorney's Fees [ECF No. 39], filed July 6, 2023. This matter is before the undersigned pursuant to an Order of Referral for all discovery matters entered by Cecilia M. Altonaga, Chief United States District Judge [ECF No. 9]. *See* 28 U.S.C. § 636(b)(1)(A).

THE COURT has reviewed the Motion, the pertinent portions of the record, and all relevant authorities and is otherwise fully advised in the premises. Plaintiffs did not file a response to the Motion, and the time to do so has passed. For the reasons that follow, the Court grants Defendant's Motion in part.

    **I.    BACKGROUND**

On June 2, 2023, Defendant filed its Discovery Memorandum Regarding Discovery Responses, requesting the Court compel Plaintiffs to produce documents and responses to Defendant's First Request for Production and First Set of Interrogatories. [ECF No. 30]. On June 6, 2023, this Court entered a Paperless Order granting the relief sought and determining,

*inter alia*, Defendant's entitlement under Federal Rule of Civil Procedure 37(a)(5) to fees and costs incurred in making its Discovery Memorandum. [ECF No. 34]. The Court directed Defendant's counsel to prepare a Bill of Costs in accordance with Local Rule 7.3 for Defendant's reasonable expenses incurred in making its Discovery Memorandum. *Id.*

On July 6, 2023, Defendant filed the Verified Motion now before the Court seeking to recover a total of $811.70 in fees incurred in relation to its Discovery Memorandum. [ECF No. 39]. In the Motion, Defendant provides a chart reflecting the hourly rates of its attorneys and paralegal, the hours worked, and the total amount of fees incurred in connection with the Discovery Memorandum. Defendant's counsel's requested rates, hours worked, and fees are as follows:

|  | Hours | Rate | Fee |
|---|---|---|---|
| Kelly M. Vogt<br>Partner | 1.4 | $235 | $329.00 |
| Benjamin S. Burnstine<br>Senior Associate | 0.1 | $210 | $21 |
| Heather Rice<br>Paralegal | 5.4 | $85.50 | $461.70 |
| TOTAL |  |  | $811.70 |

In support of the requested fees, Defendant's counsel provided a spreadsheet reflecting their billable hours, task descriptions, and hourly rates. [ECF No. 39-1].

## II.   APPLICABLE LEGAL STANDARDS

In the Eleventh Circuit, attorney's fees are calculated using the lodestar method, pursuant to which the number of hours reasonably spent is multiplied times a reasonable hourly rate. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The party seeking fees bears the burden of documenting reasonable hours expended and reasonable hourly rates. *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). Additionally, the movant must provide detailed evidence of the hourly rates and time expended so that the Court may properly assess the time claimed for each activity. *Id.*

The Court may review the hourly rate and attorney time for reasonableness based on the twelve so-called "*Johnson* factors," including: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1340–41 (11th Cir. 1999).

## III.   DISCUSSION

Initially, the Court address Plaintiffs' failure to respond to the Motion. Rule 7.1(c)(1) of the Local Rules for the Southern District of Florida provides that the failure of a party to respond to a motion within fourteen days from the date of service may be deemed sufficient cause for granting the motion by default. Plaintiffs failed to respond to the Motion for over fourteen days from the date that it was filed, nor did they request an extension of time to do

so. Therefore, the Motion may be granted by default. Nonetheless, the Court has reviewed the Motion on the merits to ensure it complies with the requirements of the Federal and Local Rules and applicable law.

The Court turns to the consideration of whether Defendant's counsel is billing at a reasonable hourly rate and then analyzes whether the hours expended are reasonable.

### A. Reasonable Hourly Rate

This Court must first determine whether the fee applicant has satisfied the burden of establishing that its requested hourly rate is reasonable. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895–96 n.11 (1984)). With respect to the issue of hourly rates, this Court "is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303.

The movant is required to submit to the Court satisfactory evidence to establish that the rate requested accurately reflects the prevailing market rate. *See Duckworth v. Whisenant*, 97 F.3d 1393, 1396 (11th Cir. 1996); *Norman*, 836 F.2d at 1299 (finding that the burden lies with the fee applicant "of producing satisfactory evidence that the requested rate is in line with prevailing market rates" and "satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits"). Defendant's counsel did not provide any support for its requested hourly rates.

Nonetheless, based on the Court's own familiarity with hourly rates charged in the community for similar types of matters and the Court's own research regarding prevailing

market hourly rates, the Court finds that the rates of $235 per hour for Ms. Vogt, $210 per hour for Mr. Burnstine, and $85.50 for Ms. Rice, a paralegal, are reasonable. Therefore, based on the Court's own knowledge and experience, noting no objection from Plaintiffs, and taking the *Johnson* factors into consideration, the Court finds that the requested hourly rates for Ms. Vogt, Mr. Burnstine, and Ms. Rice are appropriate given the circumstances presented.

### B. Reasonable Hours Expended

The next step in the Court's lodestar analysis is the determination of whether the number of hours claimed by Defendant's counsel were reasonably expended. *See Norman*, 836 F.2d at 1301. A party seeking an award of attorney's fees must exercise "billing judgment" in determining the number of hours for which it will seek a fee award by excluding "excessive, redundant, or otherwise unnecessary hours." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (cleaned up). "If fee applicants do not exercise billing judgment, courts are obligated to do so for them [by] pruning out those [hours] that are 'excessive, redundant, or otherwise unnecessary.'" *Id.* As noted above, the Court may draw upon its own experience in this analysis. *See Norman*, 836 F.2d at 1303. Where excessive time has been billed, rather than make line-by-line reductions, a court "may engage in 'an across-the-board cut' so long as it provides adequate explanation for the decrease." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008).

Defendant's counsel spent a total of 2.1 hours attempting to confer with Plaintiffs' counsel and staff regarding its discovery requests and Plaintiffs' failures to respond and regarding the Discovery Memorandum and the Motion now before the Court. [ECF No. 39-1]. The Court finds the number hours billed in connection with these tasks is reasonable. However, the Court notes that Defendant's counsel and staff spent nearly five hours drafting

the Discovery Memorandum. Although the majority of that time was incurred by a paralegal, 4.8 hours drafting a Discovery Memorandum that was four pages long is excessive. Therefore, the Court reduces the time billed by Defendant's counsel's paralegal in connection with the drafting of the Memorandum by fifty percent. Accordingly, the Court finds that 3.3 hours billed by counsel's paralegal in this matter (2.1 hours in connection with the Memorandum and 1.2 in connection with other relevant work) is reasonable.

Applying the hourly rates to the reduced number of hours worked results in a total lodestar fee amount of $632.15, which Defendant is entitled to recover as a reasonable fee.

### IV.  CONCLUSION

The Court finds that Defendant is entitled to a total of $632.15 in fees incurred related to its Discovery Memorandum, pursuant to Federal Rule of Civil Procedure 37(a)(5).

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Verified Motion for Attorney's Fees [ECF No. 39] is **GRANTED IN PART**. It is further

**ORDERED AND ADJUDGED** that no later than thirty (30) days from the date of this Order, Plaintiffs, Ruben Nunez and Maricela Nunez, and/or Plaintiffs' counsel shall pay to counsel for Defendant, Lexington Insurance Company, reasonable attorney's fees in the amount of $632.15, for which sum let execution issue. Counsel for Defendant shall provide payment instructions to Plaintiffs.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of July, 2023.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

cc: Cecilia M. Altonaga, *Chief United States District Judge*
Counsel of Record